IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:24-CV-00893 |
| | ) | |
| Plaintiff/Counterclaim Defendant, | ) ) ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CITIZENS FOR A PRO-LIFE SOCIETY, INC., RED ROSE RESCUE, LAURA GIES, LAUREN HANDY, CLARA MCDONALD (AKA "STEPHANIE BERRY"), MONICA MILLER, CHRISTOPHER MOSCINSKI, JAY SMITH (AKA "JUANITO PICHARDO"), and AUDREY WHIPPLE, | ) ) ) ) ) ) ) ) | JUDGE CHRISTOPHER BOYKO |
| Defendants, | ) | |
| | ) | |
| CHRISTOPHER MOSCINSKI, | ) | |
| | ) | |
| Defendant/Third-Party Plaintiff, | ) ) | |
| | ) | |
| MERRICK GARLAND, individually and in his official capacity as Attorney General of the United States of America, | ) ) ) ) | |
| | ) | |
| Third-Party Defendant. | ) | |

**UNITED STATES' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS WITH PREJUDICE**

The United States of America hereby respectfully moves this court to dismiss its Complaint in this matter with prejudice pursuant to Fed. R. Civ. P. 41(a)(2).

There is a strong presumption in favor of granting a plaintiff's motion to dismiss with prejudice under Rule 41(a)(2). *See Smoot v. Fox*, 340 F.2d 301, 302-03 (6th Cir. 1964) (declining to force a plaintiff to litigate when that plaintiff "for any reason wishes to dismiss his

1

action with prejudice"). "[I]t is unlikely that dismissing an action with prejudice might so unfairly affect a defendant that a voluntary motion for such dismissal should be denied," though there may be "rare cases in which dismissal with prejudice adversely affects the interests of defendants or third parties in a way that causes them plain legal prejudice." *Pedreira v. Sunrise Children's Servs., Inc.*, 79 F.4th 741, 751 (6th Cir. 2023). Such rare cases may arise in situations not applicable here, such as where the dismissal would harm the interests of third parties. *See id.* (citing *Cnty. of Santa Fe v. Pub. Serv. Co. of N.M.*, 311 F.3d 1031, 1049-50 (10th Cir. 2002) (explaining that it is "more likely" that a third party would be harmed by a dismissal with prejudice than a defendant, because "the defendant will have obtained a judgment on the merits that vindicates his rights and precludes any future suit by the plaintiff")). Even if the defendant asserts harms such as "excessive delay and lack of diligence by the plaintiffs in prosecuting their case" or "the time and effort it has spent litigating this case," these are not "rare" instances of prejudice that would justify denying the plaintiff's motion to dismiss its own case with prejudice. *Pedreira*, 79 F.4th at 751.

If a defendant who has pled a counterclaim opposes the plaintiff's motion to dismiss pursuant to Rule 41(a)(2), the Rule provides that the motion to dismiss may only be granted "if the counterclaim can remain pending for independent adjudication." Fed. R. Civ. P. 41(a)(2). A counterclaim can remain pending for independent adjudication when there is an independent basis for the court's subject-matter jurisdiction over it. *See, e.g.*, *Twin City Fire Ins. Co. v. Mattmiller,* No. 5:19-CV-344-JMH, 2021 WL 2744507, at *4 (E.D. Ky. July 1, 2021); *J-Rich Clinic, Inc. v. CosMedic Concepts, Inc.*, No. 02-CV-74324-DT, No. 03-CV-71750-DT, 2005 WL 8154355, at *2 (E.D. Mich. Jan. 13, 2005).

Here, Defendant Moscinski has pled counterclaims against the United States. These claims can remain pending for independent adjudication because the court has subject-matter jurisdiction over them under 28 U.S.C. §§ 1331, 1343(a)(4), and 1346. "Since defendant's counterclaim has a jurisdictional basis independent of the main action, the provision of Rule 41(a)(2) relating to counterclaims does not bar this court from dismissing plaintiff's complaint or require the dismissal of defendant's counterclaim." *Farmaceutisk Laboratorium Ferring A/S v. Reid Rowell, Inc.*, 142 F.R.D. 179, 181 (N.D. Ga. 1991). Accordingly, the pendency of these counterclaims is not a bar to dismissal of the Complaint.

For the foregoing reasons, the Government requests that this Court dismiss the Complaint with prejudice.

Respectfully submitted,

*/s/ Regan Rush*
REGAN RUSH
Chief, Special Litigation Section
U.S. Department of Justice
Civil Rights Division
950 Pennsylvania Avenue, NW
Washington, DC 20530
regan.rush@usdoj.gov

**Certification of Compliance**

Pursuant to Local R. 7.1(f), undersigned counsel certifies that the foregoing Memorandum in Support of the United States' Motion to Dismiss with Prejudice is three (3) pages in length and is within the page limit for dispositive motions for unassigned cases.

*/s/ Regan Rush*
REGAN RUSH
Chief, Special Litigation Section